J-S34045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NATHANIEL LAMONT DUCK, JR. | : | |
| Appellant | : | No. 246 WDA 2024 |

Appeal from the PCRA Order Entered February 27, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002921-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NATHANIEL LAMONT DUCK, JR. | : | |
| Appellant | : | No. 736 WDA 2024 |

Appeal from the PCRA Order Entered February 27, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005091-2012

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: November 27, 2024**

In these consolidated appeals,[1] Nathaniel Lamont Duck, Jr. appeals **pro se** from the February 27, 2024 order dismissing his third petition filed

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 246 WDA 2024 and 736 WDA 2024 were consolidated **sua sponte** by this Court on July 5, 2024.

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here. The pertinent procedural history of this matter, as gleaned from the certified record, is as follows: On May 9, 2013, Appellant entered a negotiated guilty plea to multiple counts of rape, involuntary deviate sexual intercourse, and related offenses in connection with his sexual assault of his sixteen-year-old daughter. Appellant was sentenced that same day in accordance with the plea agreement to an aggregate term of 5 to 20 years' imprisonment. Appellant did not file any post-sentence motions or a direct appeal.

On August 20, 2014, Appellant filed a *pro se* PCRA petition and counsel[2] was appointed to represent him. Counsel subsequently filed a motion to withdraw and no-merit letter in accordance with *Turner*/*Finley*.[3] On November 6, 2014, the PCRA court granted counsel's motion to withdraw and provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on November 26, 2014. Thereafter, on March

_____

[2] Scott Coffey, Esq.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

5, 2015, the PCRA court dismissed Appellant's petition as untimely. On April 4, 2016, a panel of this Court affirmed the PCRA court's order, and our Supreme Court denied his petition for allowance of appeal on September 13, 2016. *See Commonwealth v. Duck*, 145 A.3d 771 (Pa.Super. 2016), *appeal denied*, 157 A.3d 479 (Pa. 2016). Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant, *pro se*, filed his second PCRA petition on October 30, 2020. On March 23, 2021, the PCRA court entered an order denying Appellant's petition. A panel of this Court affirmed the PCRA's order on December 10, 2021. *See Commonwealth v. Duck*, 270 A.3d 1133 (Pa.Super. 2021).

Thereafter, on March 3, 2023, Appellant filed the instant *pro se* PCRA petition, his third. On February 6, 2024, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Rule 907. Appellant filed a *pro se* response to the Rule 907 notice on February 27, 2024. That same day, the PCRA court entered an order dismissing Appellant's petition as untimely. This timely appeal followed.[4]

---

[4] Our review of Appellant's February 26, 2024 *pro se* notice of appeal indicates that he purported to appeal from a February 13, 2024 order dismissing his PCRA petition. It is apparent to this Court from the documents attached to this notice of appeal that Appellant was in fact appealing from the PCRA court's February 6, 2024 Rule 907 order. As indicated, however, during the pendency of this appeal, the PCRA court entered an order on February 27, 2024 dismissing Appellant's PCRA petition as untimely. Although Appellant's notice of appeal predates the PCRA court's February 27, 2024 order, this error is not fatal and we deem Appellant's notice of appeal to be from the PCRA court's
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

> [1.] Did both trial counsels abandon [Appellant] for ignoring him when he inquired about appealling (sic), then asked for a PCRA form[?]
>
> [2.] Was (sic) both counsels ineffective for falling to consult with [Appellant] about the advantages and disadvantages of taking an appeal[?]
>
> [3.] Did the PCRA court abuse it's (sic) discretion for not granting a[n] evidentiary hearing to determine if both trial counsels performed a consultation with [Appellant?]

Appellant's brief at 1 (answers omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record

---

final order entered on February 27, 2024. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Additionally, we note that Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

This Court has continually recognized that has "there is no absolute right to an evidentiary hearing on a PCRA petition[.]" ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa.Super. 2019) (citation omitted), ***appeal denied***, 218 A.3d 380 (Pa. 2019). When the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." ***Commonwealth v. Khalifah***, 852 A.2d 1238, 1240 (Pa.Super. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Prior to any consideration of the merits of Appellant's claims, we must consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including a second or subsequent petition, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on June 10, 2013, 30 days after imposition of sentence and the time for filing a direct appeal expired.[5] **See** Pa.R.A.P. 903. Accordingly, Appellant had until June 10, 2014 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant PCRA petition was filed March 3, 2023, more than 8 years after the deadline, and is patently untimely. Accordingly, Appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[5] We note that, for purposes of this Court's computation, Appellant would have needed to file his appeal on or before Monday, June 10, 2013, because June 8, 2013 fell on a Saturday. **See** 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).  A petition invoking any of these exceptions must "be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant fails to allege the applicability of an exception to the PCRA time-bar in any of the issues he raises in his "Statement of Questions Involved."  **See** Appellant's brief at 1.  Nonetheless, Appellant baldly avers in the Argument section of his brief that he is entitled to relief under the "newly-discovered facts" exception because he only "discovered the failure to consult requirement" of an attorney during the appellate process, as set forth in **Commonwealth v. Touw**, 781 A.2d 1250 (Pa.Super. 2001), in January 2023.  Appellant's brief at i.5, 2.  This claim is belied by the record.

Our review of the record reveals that Appellant failed to file the instant PCRA petition invoking the newly-discovered fact exception within one year of the date the claims **could have been** presented, as required by Section 9545(b)(2).  The record in this case establishes that Appellant was informed of his right to legal representation and his right to appeal as early as the May 9, 2013 guilty plea/sentencing hearing, and he indicated that he understood his appellate rights.  **See** notes of testimony, 5/9/13 at 11-12.  Moreover, Appellant acknowledged in his second **pro se** PCRA petition, which was filed

October 30, 2020, that his plea counsel, Kelli Kleeb, Esq., had consulted with him on whether or not to file a direct appeal. *See Pro Se* PCRA Petition, 10/30/20 at 4.

Appellant has also failed to prove that he could not have presented this claim earlier through the exercise of due diligence. Under Section 9545(b)(1)(ii), "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires **reasonable efforts by a petitioner**, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Brown*, 141 A.3d 491, 506 (Pa.Super. 2016) (citation omitted; emphasis added). Clearly, Appellant failed to undertake reasonable efforts in this instance.

Based on the foregoing, we find that Appellant has failed to demonstrate that his untimely petition satisfies the newly-discovered fact exception to the statutory one year time-bar.

Appellant also seemingly argues that the untimeliness of his instant PCRA petition should be excused due to the ineffectiveness of his prior counsel. *See* Appellant's brief at 3-7. We find that such relief is impermissible.

Courts in this Commonwealth have recognized that there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of prior counsel. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (stating, "[i]t is well settled that allegations of

ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." (citation omitted)). To allow Appellant to raise new claims of prior counsel's ineffectiveness nearly a decade after his judgment became final directly conflicts with the legislative mandate of Section 9545(b)(1) of the PCRA. **See Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) (stating that the PCRA places time limitations on claims, and in doing so, "strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction"), **cert. denied**, 572 U.S. 1039 (2014). The fact that Appellant frames some of his issues as alleging the ineffectiveness of prior counsel simply does not overcome this Court's lack of jurisdiction to address them.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's third petition as untimely. Accordingly, we affirm the February 27, 2024 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  11/27/2024